**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4272

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEORNDRE TYVAUN FITZHUGH,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:19-cr-00532-TDS-1)

Submitted:  March 27, 2024                                    Decided:  May 2, 2024

Before AGEE and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** Louis C. Allen, Federal Public Defender, Ames C. Chamberlin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Eric Lloyd Iverson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deorndre Tyvaun Fitzhugh pleaded guilty, pursuant to a written plea agreement, to production of child pornography, in violation of 18 U.S.C. § 2251(a), (e), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).  The district court sentenced Fitzhugh to 480 months' imprisonment.  On appeal, Fitzhugh's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court was correct in finding that Fitzhugh was competent to enter a guilty plea.  Fitzhugh was informed of his right to file a pro se supplemental brief, but he has not done so.  The Government has moved to dismiss the appeal pursuant to the appellate waiver in Fitzhugh's plea agreement. For the reasons explained below, we affirm in part and dismiss in part.

We start with the recognition that the appellate waiver does not prevent our review of the district court's findings that Fitzhugh was competent to proceed and plead guilty. To explain, an appellate waiver in a plea agreement does not preclude our consideration of a "colorable claim that the plea agreement itself—and hence the waiver of appeal rights that it contains—is tainted by constitutional error." *United States v. Attar*, 38 F.3d 727, 733 n.2 (4th Cir. 1994).  And a defendant's claim that he was not competent to enter into a plea agreement and plead guilty implicates his constitutional right to due process. *United States v. General*, 278 F.3d 389, 396 (4th Cir. 2002).  That is, a district court's acceptance of a guilty plea by a defendant who is not competent violates due process. *See Pate v. Robinson*, 383 U.S. 375, 378 (1966) (recognizing that "conviction of an accused person while he is legally incompetent violates due process"); *United States v. Tucker*, 60 F.4th

2

879, 883 (4th Cir.) ("A person who is not competent may not be tried for—or plead guilty to—a crime."), *cert. denied*, 144 S. Ct. 179 (2023). We therefore deny the Government's motion to dismiss in part and will consider Fitzhugh's competence to proceed before the district court and enter his guilty plea.

In evaluating a defendant's competence to proceed, a district court must assess whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and [whether] he has a rational as well as factual understanding of the proceedings against him." *United States v. Roof*, 10 F.4th 314, 341 (4th Cir. 2021) (internal quotation marks omitted). Congress enacted 18 U.S.C. § 4241 to provide a "statutory framework" for making competency determinations. *General*, 278 F.3d at 396. Under that statute, the defendant has the burden of proving incompetence. *United States v. Robinson*, 404 F.3d 850, 856 (4th Cir. 2005). To satisfy that burden, the defendant must prove by a preponderance of the evidence that he "is presently suffering from a mental disease or defect [that] render[s] him . . . unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id.* (quoting 18 U.S.C. § 4241(d)).

We review a district court's competency finding for clear error. *Roof*, 10 F.4th at 341 & n.8. "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Butts v. United States*, 930 F.3d 234, 238 (4th Cir. 2019) (internal quotation marks omitted). "Because district courts are in the best position to make

3

competency determinations . . . we appropriately afford them wide latitude." *Roof*, 10 F.4th at 341 n.8 (alteration and internal quotation marks omitted).

The district court made two competency findings in this case. First, the district court found that Fitzhugh was competent to proceed after a competency hearing under § 4241 and before the Fed. R. Crim. P. 11 hearing. The district court made that finding after receiving reports and testimony from three psychologists who evaluated Fitzhugh and considering other testimony and evidence. We have thoroughly reviewed the record and discern no clear error in that finding. Second, the district court found during the Rule 11 hearing that Fitzhugh was competent to plead guilty. Having examined the transcript of the Rule 11 hearing, we are satisfied that the district court again did not clearly err in making that competency finding. We also conclude that Fitzhugh's guilty plea was knowing, voluntary, and supported by an independent factual basis. *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Turning to the appellate waiver in this case, we review de novo the waiver's validity and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). Upon review of the record, including the plea agreement and the transcript of the Rule 11 hearing, we are satisfied that Fitzhugh knowingly and voluntarily waived his right to appeal his conviction and sentence with some exceptions that are not met here. Accordingly, we grant in part the Government's motion to dismiss and dismiss the appeal as to all issues within the scope of the appellate waiver.

4

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal that are outside of the appellate waiver's scope or not waivable by law. We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues covered by the appellate waiver. We also deny in part the motion to dismiss and affirm as to any issue not precluded by the appellate waiver.

This court requires that counsel inform Fitzhugh, in writing, of the right to petition the Supreme Court of the United States for further review. If Fitzhugh requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Fitzhugh.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*